

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**PRESTON KEITH ROBERTS**                                                    **PLAINTIFF**

**V.**                                          CIVIL ACTION NO. *3:14cv94 CWR-FKB*

**HINDS COUNTY, MISSISSIPPI d/b/a**
**HINDS COUNTY SHERIFF'S DEPARTMENT,**
**SHERIFF TYRONE LEWIS IN HIS OFFICIAL CAPACITY**                **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW THE PLAINTIFF**, Preston Keith Roberts, and files this action to recover damages for violations of his rights under the Fair Labor Standards Act against the Defendant, Hinds County, Mississippi, Hinds County Sheriff's Department, and Tyrone Lewis in his official capacity as sheriff of Hinds County, Mississippi. In support of this cause, the Plaintiff will show unto the court the following facts, to wit:

### PARTIES

1.      The Plaintiff, Preston Keith Roberts, is an adult Caucasian male resident of Rankin County, Mississippi, residing at 127 Cody Lane, Brandon, MS 39042-9055.

2.      The Defendants are Hinds County, Mississippi, the Hinds County, Mississippi Sheriff's Department, and Tyrone Lewis, Sheriff of Hinds County, in his official capacity.

### JURISDICTION AND VENUE

3.      This Court has Federal Question Jurisdiction and Venue is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

Page **1** of **4**

10.    Plaintiff received a final paycheck from Defendant on November 30, 2013 which included payment for all benefits and compensatory time. Defendant paid Plaintiff for only 162.5 compensatory time hours.

11.    Defendant told plaintiff, via personnel employee, that Plaintiff was only entitled to be paid for compensatory time accrued over the three years prior to his termination from employment, which is contrary what is required by 29 U.S.C. § 207(o)(4) and 29 C.F.R. § 553.27(b), which requires payment for all compensatory time accrued. Defendant willfully refused to pay Plaintiff what was owed to Plaintiff under the Fair Labor Standards Act.

12.    Plaintiff, through counsel, has requested Defendant pay the remaining compensatory time owed Plaintiff, and to allow Plaintiff to review Plaintiff's time records over the preceding three years. Defendant has not responded.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARD ACT

13.    Plaintiff was subject to overtime pay upon accrual of 480 banked compensatory time hours. Defendant failed to pay Plaintiff as mandated by the Fair Labor Standards Act.

14.    Plaintiff was entitled to payment for all accrued compensatory hours upon termination of employment, of which Defendant only paid 162.5 hours.

15.    Defendant engaged in illegally operating a compensatory time system that did not meet the statutory requirements of 29 U.S.C. § 207(k), thus recorded overtime at improper rates of pay (one hour for one hour instead of one and one-half hours for one hour.)

16.    Defendant willfully and intentionally failed to pay Plaintiff the money owed plaintiff for hours earned in violation of the Fair Labor Standards Act.

10.     Plaintiff received a final paycheck from Defendant on November 30, 2013 which included payment for all benefits and compensatory time. Defendant paid Plaintiff for only 162.5 compensatory time hours.

11.     Defendant told Plaintiff, via personnel employee, that Plaintiff was only entitled to be paid for compensatory time accrued over the three years prior to his termination from employment, which is contrary what is required by 29 U.S.C. § 207(o)(4) and 29 C.F.R. § 553.27(b), which requires payment for all compensatory time accrued. Defendant willfully refused to pay Plaintiff what was owed to Plaintiff under the Fair Labor Standards Act.

12.     Plaintiff, through counsel, has requested Defendant pay the remaining compensatory time owed Plaintiff, and to allow Plaintiff to review Plaintiff's time records over the preceding three years. Defendant has not responded.


### CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARD ACT

13.     Plaintiff was subject to overtime pay upon accrual of 480 banked compensatory time hours. Defendant failed to pay Plaintiff as mandated by the Fair Labor Standards Act.

14.     Plaintiff was entitled to payment for all accrued compensatory hours upon termination of employment, of which Defendant only paid 162.5 hours.

15.     Defendant engaged in illegally operating a compensatory time system that did not meet the statutory requirements of 29 U.S.C. § 207(k), thus recorded overtime at improper rates of pay (one hour for one hour instead of one and one-half hours for one hour.)

16.     Defendant willfully and intentionally failed to pay Plaintiff the money owed Plaintiff for hours earned in violation of the Fair Labor Standards Act.

## **PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that upon

hearing of this matter, the Plaintiff be granted the following relief in an amount to be determined:

a)   Unpaid Compensatory due the Plaintiff at the higher of his last hourly rate

or the rate of his last three consecutive years of employment;

b)   Liquidated Damages;

c)   Attorney fees;

d)   Costs and Expenses; and

e)   Other Damages and Relief as may be proper and appropriate.

This the 5th Day of February, 2014,

Respectfully submitted,

Preston Keith Roberts

By:

Francis S. Springer (MS Bar#103974)

ATTORNEY FOR PLAINTIFF:
Francis S. Springer
MS Bar# 103974
Springer Law Office, PLLC
1042 Gluckstadt Road, Suite C
Madison, MS 39110
Office: 601-605-5004
Fax: 877-605-5004
E-mail: springerlawoffice@gmail.com